Summons Issued 1 to CF

FILED
HARRISBURG
OCT 1 0 2008
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLOTTE BERGDOLL, Plaintiff, | : |
| | : Civil Action No. |
| v. | : |
| THE CITY OF YORK, | : |
| THE HONORABLE JOHN S. BRENNER, MAYOR, Individually and as Mayor For the City of York, | : |
| MARK L. WHITMAN, Individually and as Police Commissioner For the City of York, | : |
| WESLEY KAHLEY Individually and as Police Captain Of Operations for the City of York, | : |
| POLICE OFFICER A. BAEZ, BADGE NUMBER 192, Individually and as a Police Officer For the City of York, | : JURY TRIAL DEMANDED |
| THE COUNTY OF YORK, | : |
| H. STANLEY REBERT, Individually and as District Attorney For the County of York, Defendants. | : |

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

COMPLAINT

1. This is a civil action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Pennsylvania; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff her rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and under the Constitution and laws of the Commonwealth of Pennsylvania; and for refusing or neglecting to prevent such deprivations, denials and violations. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1331 and 1343 which is based upon 28 U.S.C. §§ 1983 and 1988 and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 (a) to hear and adjudicate all other claims including state law claims.

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

## PARTIES

2. Plaintiff Charlotte Bergdoll is a citizen and resident of the County of York in the Commonwealth of Pennsylvania, United States of America.

3. Plaintiff was, at all times relevant to this action, a citizen and working and present in the City of York, York County, Pennsylvania, United States of America.

4. Plaintiff Charlotte Bergdoll owns, operates, manages and conducts business as Cherry Lane Realty Inc. in the Commonwealth of Pennsylvania and operating in the City of York, York County, Pennsylvania.

5. Defendant City of York, York County, Pennsylvania is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania and which owns, operates, manages, directs and controls the York City Police Department, Pennsylvania which employs Defendant Police Officer A. Baez.

6. Defendant John S. Brenner was the Mayor of the City of York, Pennsylvania and was acting under color of state law at all times

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

relevant to this action. Defendant John S. Brenner has oversight, control and was responsible for the supervision of all police officials and officers within for the York City Police Department. Plaintiff sues Defendant John S. Brenner in both his individual and official capacities.

7. Defendant Mark L. Whitman was acting under color of state law and was the Police Commissioner of the Police Department of the City of York at all times relevant to this Complaint. Plaintiff sues Defendant Mark L. Whitman in both his individual and official capacities.

8. Defendant Wesley Kahley was acting under color of state law and was the Police Captain of Operations of the Police Department of the City of York at all times relevant to this Complaint. Plaintiff sues Defendant Wesley Kahley in both his individual and official capacities.

9. Defendant Police Officer A. Baez (hereinafter "Defendant Officer"), Badge Number 192, was acting under color of state law as a police officer for the York City Police Department, York

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

County, Pennsylvania at all times relevant to this Complaint. Plaintiff sues Defendant Police Officer in both his individual and official capacities.

10. Defendant Officer was at all times relevant to this Complaint duly appointed and acting as an officer of the York City Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Pennsylvania and/or the City of York.

11. Defendant County of York, Pennsylvania is a County organized under the laws of the Commonwealth of Pennsylvania and which has as its chief prosecutorial officer and law enforcement administrator, supervisor and coordinator, Defendant, District Attorney, H. Stanley Rebert.

12. Defendant H. Stanley Rebert, District Attorney of York County, Pennsylvania was acting under color of state law at all times relevant to this action and is responsible for all criminal prosecutions in York County and is responsible for the administration, supervision and coordination of all police

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

officials, officers and the York County Sheriff's Office in conducting and investigating criminal matters. Plaintiff sues Defendant H. Stanley Rebert in both his individual and official capacities.

## FACTS

13. On or about October 12, 2006, Plaintiff was called to 745 West Poplar Street, York, Pennsylvania, one of the properties she manages and rents through her business, Cherry Lane Realty.

14. Defendant Officer was at the location inspecting the interior of the house and interrogating the tenant, Ms. Cassandra Whitted.

15. Defendant Officer did not have permission at any time from the owners nor the occupiers of the house to enter the building.

16. On said date, upon Plaintiff's arrival, Defendant Officer began to interrogate the Plaintiff on the condition of the property, ceiling and whether the heater had oil.

17. Defendant Officer, through intentional conduct, unreasonably approached, seized and physically attacked the Plaintiff both

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

inside the house and out of the door on the porch causing Plaintiff to strike the porch furniture and slamming Plaintiff to the ground face down.

18. As Plaintiff laid face down on the porch, Defendant Officer put his knee into Plaintiff's back and abusively placed handcuffs on her.

19. Plaintiff did not physically resist the Defendant Officer in any way and at no time did Plaintiff resist or offer violence to the Defendant Officer.

20. Plaintiff was unlawfully and improperly taken by the Defendant Officer into custody and transported, by another officer, to the City of York Police Department where she was unlawfully and improperly detained.

21. The Defendant Officer is a physically trained police officer with a strong athletic build.

22. The force used against the Plaintiff was unprovoked, unjustified, unnecessary, unwarranted, unreasonable, excessive, malicious, grossly disproportionate considering the physical characteristics

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

of the Plaintiff and for the purpose of causing harm to the Plaintiff.

23. The Defendant Officer had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff and no legal basis or cause or excuse to seize, strike or detain the person of the Plaintiff.

24. Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of York.

25. Plaintiff filed a Police Complaint on October 12, 2006, the day of the incident, with the Department of Public Safety, City of York, Pennsylvania.

26. The said Police Complaint was not addressed nor investigated and was instead used as a prosecutorial tool by Defendants.

27. Defendants unlawfully and without probable cause charged Plaintiff, who had no criminal record, with disorderly conduct under 18 Pa.C.S. §5503 by citation filed October 13, 2008.

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

28. A Summary Trial was held on May 2, 2007 before Magisterial District Judge Daniel B. Garber sitting for Magisterial District Judge Barbara H. Nixon, District Court No. 19-1-05 in the City of York, York County, Pennsylvania.

29. Magisterial District Judge Garber found the Plaintiff not guilty and dismissed the charges of Disorderly Conduct against Plaintiff.

30. As a direct and proximate result of the said intentional, deliberate, unlawful and malicious actions of the Defendant Officer, the Defendant Officer impeded the due course of justice and the Plaintiff suffered the following injuries and damages:

a. Violation of her constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

b. Loss of liberty;

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

c. Physical pain and suffering, emotional trauma, embarrassment and suffering and psychological harm, pain and suffering requiring the expenditure of money for treatment, and;

d. Financial losses including but not limited to loss of work, medical expenses and other losses.

e. Other Freedoms and Rights under the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania.

31. The actions of the Defendant Officer violated the following clearly established and well settled federal constitutional rights of the Plaintiff.

a. Freedom from illegal arrests, unreasonable searches and seizure of her person and property.

b. Freedom from the use of excessive, unreasonable and unjustified force against her person.

c. Freedom of speech and expression.

d. Rights Against Self Incrimination.

e. Equal Protection of Law.

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

f. Due Process of Law.

g. Cruel and Unusual Punishment.

h. Freedom from Malicious Prosecution and Abuse of Process.

Count I

42 U.S.C. § 1983

Against Defendant Officer.

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

33. As a direct and proximate result of Defendant Officer's conduct, committed under color of state law, Plaintiff was deprived of her right to freedom of speech and expression, to be free from unreasonable and excessive force, and unlawful search and seizure, unlawful arrest and false imprisonment, freedom from self incrimination, malicious prosecution and abuse of process, to be secure in her person and property and to due process of law.

34. As a direct and proximate result of Defendant Officer's conduct Plaintiff suffered and continues to suffer harm in violation of her

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth and Fourteenth Amendments thereof and 42 U.S.C. § 1983.

35. As a direct and proximate result of the acts of Defendant Officer, Plaintiff sustained and continues to sustain physical injuries, emotional and psychological harm and trauma, loss of liberty and financial losses, all to her detriment and harm.

Count II

Assault and Battery against Defendant Officer

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Defendant Officer assaulted and battered Plaintiff.

38. As a result of this assault and battery, Plaintiff suffered injuries, damages and loss of her rights as aforesaid.

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

Count III

False Arrest and Illegal Detention against Defendant Officer

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

40. As a result of this false arrest and illegal detention, the Plaintiff suffered injuries, damages and loss of rights as aforesaid.

Count IV

42 U.S.C. § 1983

Against the City of York, Mayor John S. Brenner, Police Commissioner Mark Whitman, Police Captain of Operations Wesley Kahley, The County of York, and District Attorney H. Stanley Rebert.

41. Paragraphs 1 through 40 are incorporated herein by reference as though fully set forth.

42. Prior to and through October 12, 2006, the Defendants jointly and/or severally developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

persons in the City of York and County of York, which caused the violation of Plaintiff's rights.

43. It was the administrative policy and/or custom of the Defendants to jointly and/or severally to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead jointly and/or severally tolerated by the Defendants.

44. The Defendants jointly and/or severally failed to require or provide appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

45. As a result of the above described administrative policies and customs, police officers of the City of York, including Defendant Officer, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or disciplined, but would be tolerated.

46. Acting under color of law and pursuant to official policy or custom, the Defendants, jointly and/or severally, knowingly, recklessly, and with deliberate indifference and callous disregard

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis police officers, including the Defendant Officer, in their duties to refrain from unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges and immunities; unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with her constitutional and statutory rights, privileges and immunities, unlawfully and maliciously assaulting a citizen or otherwise using unreasonable and excessive force before, during and after the making of an unlawful arrest, conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania and otherwise depriving Plaintiff of her constitutional and statutory rights, privileges and immunities.

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

47. Defendants jointly and/or severally knew or should have known that Defendant Officer would engage in the described conduct in

violation of Plaintiffs rights due to the aforesaid policies and failure to properly supervise Defendant Officer and had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

48. As a direct and proximate result of the said intentional, deliberate, unlawful and malicious actions, these Defendants jointly and/or severally impeded the due course of justice and the Plaintiff suffered the loss of rights, damages and injuries as aforesaid.

Count V

Malicious Prosecution

Against All Defendants

49. Paragraphs 1 through 48 are incorporated herein by reference as though fully set forth.

50. The Defendants, maliciously filed and prosecuted the charges against Plaintiff to gain advantage over her in the likely state or

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

federal civil suits which Defendants anticipated would arise from the October 12, 2006 incident and said Defendants conspired to avoid suit by pursuing and prosecuting frivolous and vexatious charges against the Plaintiff.

51. The Defendants maliciously prosecuted the charges against Plaintiff to maliciously and intentionally intimidate Plaintiff and to suppress the Complaints against the named Defendants, especially Defendant Officer and Defendant Police Department and to create the appearance of propriety for the actions of the Defendant Officer by holding a public trial against Plaintiff for alleged misconduct connected with the October 12, 2006 incident.

52. The above charges of Disorderly Conduct under 18 Pa.C.S. § 5503 were filed and prosecuted with reckless and malicious intent to deprive the Plaintiff of her constitutional rights to Procedural Due Process and rights against unreasonable seizures under the Fourth Amendment to the United States Constitution.

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

53.Plaintiff suffered loss of her rights and damages as aforesaid and suffered interference and injury to her person, property and reputation.

Count VI

State Law Claims

Against All Defendants.

54.Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth.

55.As a direct and proximate result of all Defendants' conduct in the above counts, which constituted negligence, gross negligence, negligent hiring, retention, training and supervision, assault, battery, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, committed under color of state law, Plaintiff injured, suffered damages and was deprived of her right to freedom of speech and expression, to be free from unreasonable and excessive force, an unlawful search and seizure, unlawful

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

arrest, self incrimination, malicious prosecution and abuse of process, to be secure in her person and property and to due process of law in violation of Plaintiff's rights under the Constitution of the Commonwealth of Pennsylvania and other laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

56. As a result Plaintiff suffered and continues to suffer harm in violation of her rights under the laws and Constitution of the Commonwealth of Pennsylvania.

57. As a direct and proximate result of the acts of the Defendants, Plaintiff sustained and continues to sustain physical injuries, emotional and psychological harm and trauma, loss of liberty and financial losses, all to her detriment and harm.

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

*WHEREFORE*, Plaintiff demands a jury trial as to all Defendants and all counts and judgment against all Defendants on all counts, jointly and severally for:

a. Compensatory damages to the Plaintiff against the Defendants;

b. Punitive damages to the Plaintiff against the Defendants;

c. Costs of this action to the Plaintiff;

d. Reasonable attorney's fees and costs to the Plaintiff;

e. Injunctive Relief to require instruction, supervision and control of police officers and establishment of police complaint procedures that prevent and alleviate further violations of the rights of citizens of the City of York and the County of York;

f. Such other and further relief as this Court may deem appropriate and just.

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury of all issues so triable under the law.

Date: 10/9/08

John G. Bergdoll, Esquire
300 West Market Street
York, PA 17401
(717) 845-5131
Fax: (717) 854-7533
PA Bar I.D. No. 07370
johngbesq@aol.com
Attorney for the Plaintiff

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

**VERIFICATION**

Under penalty of perjury I hereby declare that I have read the foregoing and that the facts contained herein are true and accurate.

Charlotte Bergdoll

Law Offices
John G. Bergdoll
300 West Market Street
York, Pennsylvania 17401

Court Name: Pennsylvania Middle
Division: 1
Receipt Number: 111004499
Cashier ID: pwarner
Transaction Date: 10/10/2008
Payer Name: JOHN BERGDOLL

---

CIVIL FILING FEE
For: JOHN BERGDOLL
Case/Party: D-PAM-1-08-CV-001879-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 1393
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

Only when bank clears the check or verifies credit of funds is the fee or debt officially paid or discharged. A fee of $45.00 will be charged for returned checks.