# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLOTTE BERGDOLL,

    Plaintiff,

v.

THE CITY OF YORK, *ET AL.*,

    Defendants.

CIVIL ACTION NO. 1:08-CV-01879

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before the Court are Plaintiff's Motion for Reconsideration (Doc. 22) and First Motion to Amend/Correct Complaint (Doc. 26). The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

The Court detailed the relevant factual background in this case in its January 5, 2009 Memorandum and Order (Doc. 21, at 1-3) and need not restate that background information here. The procedural history relevant to Plaintiff's two (2) current motions is as follows:

In October 2008, the Court received two (2) motions to dismiss Plaintiff's Complaint: one from Defendants County of York and District Attorney H. Stanley Rebert (Doc. 9), and one from Defendants The City of York, Mayor John S. Brenner, Police Commissioner Mark Whitman, and Police Captain Wesley Kahley (Doc. 13). Defendant Police Officer A. Baez did not participate in either motion to dismiss and filed his Answer to Plaintiff's Complaint (Doc. 12) on October 29, 2008. After receiving and reviewing briefs from the parties, the Court granted both motions to dismiss in its January 5, 2008 Memorandum and Order and dismissed Defendants County of York, Stanley Rebert, the City of York, the Honorable John S. Brenner, Mark L. Whitman, and Wesley Kahley from this case. (Doc. 21.)

Plaintiff filed her current Motion for Reconsideration (Doc. 22) on January 15, 2009, and provided a corresponding Brief in Support (Doc. 23) on January 30, 2009. On February 2, 2009, Plaintiff filed her First Motion to Amend/Correct. (Doc. 24) On February 3, 2009, the Court denied Plaintiff's First Motion to Amend/Correct, without prejudice, for failure to follow Local Rule 15.1. (Doc. 25.) On February 4, 2009, Plaintiff also refiled her First Motion to Amend/Correct, appropriately providing the marked-up copy of the proposed Amended Complaint as required by the Local Rules. (Doc. 26.) Plaintiff also submitted a Brief in Support (Doc. 29) of her motion to amend on February 23, 2009. On February 13, 2009, Defendants The County of York and H. Stanley Rebert filed a brief opposing both of Plaintiff's motions. (Doc. 27.) On February 17, 2009, Defendants The City of York, John S. Brenner, Mark L. Whitman, and Wesley Kahley filed their Brief in Opposition (Doc. 28) to Plaintiff's Motion for Reconsideration and, on March 10, 2009, these same Defendants filed their Brief in Opposition (Doc. 30) to Plaintiff's First Motion to Amend/Correct. The Court, accordingly, finds that the current motions have been thoroughly briefed and are now ripe for disposition.

> Middle District of Pennsylvania Local Rule 7.10 states:
>
> Any motion for reconsideration or reargument *must be accompanied by a supporting brief* and filed within ten (10) days after the entry of the judgment, order or decree concerned. The time constraints and assumptions set forth in Local Rules 7.6 and 7.7 shall apply to briefs in opposition to motions for reconsideration and reply briefs.

M.D. Pa. LR 7.10 (emphasis added). Plaintiff filed the current Motion for Reconsideration on January 15, 2009, but did not file the corresponding Brief in Support until January 30, 2009. Accordingly, the Court finds that the Plaintiff has failed to comply with Local Rule 7.10 and will deny Plaintiff's Motion for Reconsideration without prejudice.

2

Middle District of Pennsylvania Local Rule 7.5 states:

> Within ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed to be withdrawn. Briefs shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion or a stipulation which has concurrence of all parties, and the reasons for the motion or the stipulation and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

M.D. Pa. LR 7.5. Plaintiff's current Motion to Amend/Correct Complaint (Doc. 26) was filed on February 4, 2009. Thus, pursuant to Local Rule 7.5, Plaintiff was required to file her brief supporting this motion on or before February 19, 2009.[1] Plaintiff's Brief in Support (Doc. 23), however, was not filed until February 23, 2009. As Plaintiff's Motion to Amend/Correct Complaint was not filed within the ten (10) day period provided by Local Rule 7.5, the Court considers Plaintiff's motion to be withdrawn and will deny it without prejudice.

For the reasons stated, NOW this  12th  day of May, 2009, in view of the failure of

---

[1] Federal Rule of Civil Procedure 6(a) provides that:

> (a) Computing Time. The following rules apply in computing any time period specified in these rule or in any local rule, court order, or statute.
>
>> (1) Day of the Event Excluded. Exclude the day of the act, event, or default that begins the period.
>>
>> (2) Exclusions from Brief Periods. Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.
>>
>> (3) Last Day. Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or–if the act to be done is filing a paper in court–a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

In computing the appropriate ten (10) day period in accordance with Rule 6(a), the Court has accounted for Saturdays, Sundays, and the February 16, 2009 Presidents Day legal holiday.

3

Plaintiff Charlotte Bergdoll to follow Local Rules 7.5 and 7.10, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 22) and Motion to Amend/Correct Complaint (Doc. 26) are **DENIED**, without prejudice.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge