# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLOTTE BERGDOLL,

    Plaintiff,

        v.

THE CITY OF YORK, MARK L.
WHITMAN, Individually, WESLEY
KAHLEY, Individually, POLICE OFFICER
A. BAEZ, Individually and as a Police
Officer for the City of York, THE COUNTY
OF YORK

    Defendants,

CIVIL ACTION NO. 1:08-CV-01879

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion of Defendant County of York ("the County") to Dismiss Plaintiff's Amended Complaint. (Doc. 38.) This Court will deny County of York's Motion to Dismiss Count IV of the Amended Complaint. It will also grant the Motion to Dismiss Counts VIII and IX of the Amended Complaint.

## BACKGROUND

On January 5, 2009, this Court issued a Memorandum and Order that granted the Motions to Dismiss of Defendants County of York, H. Stanley Rebert, City of York, The Honorable John S. Brenner, Mark L. Whitman, and Wesley Kahley. (Doc. 21.) On May 19, 2009, Plaintiff filed an Amended Complaint, leaving out Defendants Rebert and Brenner (Doc. 35).

Plaintiff states in her Amended Complaint that she is the owner, operator, and

manager of Cherry Lane Realty, Inc., a business operating in the city of York, Pennsylvania.[1] (Am. Compl., Doc. 35 ¶ 4.)  She alleges that on October 12, 2006, she was called to a property managed by Cherry Lane Realty located at 745 West Poplar Street in York.  (*Id*. ¶ 12.)  At the time she was called, Plaintiff avers that Officer A. Baez, a police officer for the City of York, was at the property performing an inspection of the house that was not authorized by either the tenant or the Plaintiff.  (*Id.* ¶¶ 13-14.)  The Plaintiff claims that upon her arrival at the property officer Baez unreasonably approached, seized and physically attacked and forced the Plaintiff face down on the porch.  (*Id.* ¶ 16-17.)  While she was lying face down on the porch, the Plaintiff alleges that the Defendant officer restrained Plaintiff by putting his knee in her back and abusively placed her in handcuffs even though she did not resist the officer or exhibit any signs of violence.  (*Id.* ¶¶ 17-18.)  Plaintiff alleges that she was subsequently transported to the City of York Police Department where she was detained.  (*Id.* ¶ 19.)  She also claims that Officer Baez had no warrant for her arrest, no probable cause for her arrest, and no other legal basis, cause or excuse to seize, strike or detain the Plaintiff.  (*Id.* ¶ 22.)

On October, 12, 2006, the day of the incident, Plaintiff alleges that she filed a complaint with the Department of Public Safety for the City of York, and alleges that this complaint was not addressed or investigated and was ultimately used by the Defendants in an attempt to prosecute Plaintiff.  (*Id.* ¶¶ 24, 28.)  On October 13, 2008 the Plaintiff

---

[1]Much of this section borrows heavily from this Court's January 5, 2009 Memorandum and Order that was based on Plaintiff's original Complaint. Many of the factual allegations from that Complaint were not changed in the Amended Complaint.

was charged with disorderly conduct pursuant to 18 Pa. C.S. § 5503. (*Id.* ¶ 29.) On May 2, 2007 a summary trial was held before Magisterial District Judge Daniel B. Garber who dismissed the disorderly conduct charges against Plaintiff. (*Id.* ¶¶ 30-31.)

Plaintiff states that due to Defendants' actions she has suffered a violation of her rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. (*Id.* ¶ 32a.) She also states that she suffered a loss of liberty, physical pain and suffering, financial loss, and violations of "Other Freedoms and Rights Under the United States Constitution and under the Constitution of the Constitution of the Commonwealth of Pennslvania." (*Id.* ¶ 32b-e.)

Based on these averments, the Plaintiff filed an Amended Complaint (Doc. 35) on May 19, 2009. The Amended Complaint brings nine (9) counts against Defendants, including violations of 42 U.S.C. § 1983 for the alleged infringement of Plaintiff's constitutional rights by Officer Baez (Count I), the City of York (Count V), Police Commissioner Mark Whitman (Count VI), Police Captain Wesley Kahley (Count VII), and the County of York (Count IV). The Complaint also includes individual counts against Officer Baez for Assault and Battery (Count II) and False Arrest and Illegal Detention against Officer Baez (Count III). Plaintiff also brings claims for Malicious Prosecution against all Defendants (Count VIII), and claims pursuant to the Pennsylvania state law brought against all Defendants (Count IX).

Of particular relevance to the instant motions, Plaintiff specifically alleges that the District Attorney and the District Attorney's Office directed, controlled, and supervised all criminal prosecutions in the County of York and had telephone conversations with the City of York Police Department on investigating and responding to Plaintiff's police

3

complaint and "what criminal charges would be filed in this particular incident and administrative function of processing criminal citations filed against the Plaintiff." (Am. Compl., Doc. 35 ¶ 26-27.) Count IV of the Amended Complaint alleges that it was the widespread practice, administrative policy and custom of the County and the District Attorney to advise, instruct, and train prosecutors and police officers and police departments to inadequately and improperly investigate complaints of police misconduct. (*Id.* ¶ 45.) The Amended Complaint also alleges that there were a large number of complaints against the police force that should have alerted the County and the District Attorney and the District Attorney's office to the need for "policies and procedures requiring proper training, supervision, discipline and other procedures to avoid further violation of citizens' rights" and lists several examples of such incidents. (*Id.* ¶ 46.) According to Plaintiff, the County and the District Attorney's office had a duty to advise and train Police Departments, but failed to respond to citizen complaints, including the Plaintiff's police complaint, and specifically directed the City of York Police Department to fail to provide in-service training of officers. (*Id.* ¶¶ 48, 51, 56.) The District Attorney and District Attorney's office allegedly maintained policies exhibiting deliberate indifference to constitutional rights through its specific direction to maintain an administrative policy to improperly investigate citizen complaints of police misconduct. (*Id.* ¶¶ 54-55.)

Defendant County of York filed its motion to dismiss (Doc. 38) on May 28, 2009, along with an accompanying brief in support (Doc. 41). Plaintiff filed her brief in opposition (Doc. 43) to this motion on June 18, 2009. Defendants did not file briefs in reply. Accordingly, Defendant's motion has been thoroughly briefed and is currently ripe for disposition.

# LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not

alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I. COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT

Count IV of Plaintiff's Complaint brings a claim pursuant to 42 U.S.C. § 1983 against the County of York. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983.

Municipal liability for the actions of its employees may not be predicated on a theory of *respondeat superior. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, a municipality may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

6

represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Thus, municipal liability may be established by showing policy or custom. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007). There are three (3) instances when the constitutional tort of a municipal employee meets this standard. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005). First, a municipality is liable when its employee acts pursuant to formal government policy or standard operating procedure long accepted within the government entity. *Id.* (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)). Second, a municipality is liable for the actions of an employee when the employee has final policy-making authority, rendering his behavior an act of government policy. *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)). Finally, a municipality is liable for the actions of its employee when an official with authority has ratified the unconstitutional actions of the subordinate, rendering the action official. *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)).

For the purposes of the instant motion, policy exists "'when a 'decisionmaker possess[ing[ final authority to establish municipal policy with respect to the action' issues an official policy, or edict.'" *Id.* (citations omitted). Custom is established "'by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (citations omitted). In either scenario, the "'plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom.'" *Id.* (citations omitted). A plaintiff must also prove that the policy or custom was the

7

proximate cause of his injuries. *Id.* at 156.

The Pennsylvania Constitution defines district attorneys as "county officers." Pa. Const. art. 9, § 4. The Third Circuit Court of Appeals has recognized that, under Pennsylvania Law, district attorneys are the chief law enforcement officers for the county in which they are elected. *Carter v. City of Philadelphia*, 181 F.3d 339, 349 (3d Cir. 1999). However, district attorneys have a hybrid status; "[w]hen 'enforcing their sworn duties to enforce the law ... they act as agents of the State [but] when county prosecutors are called upon to perform administrative tasks unrelated to their strictly prosecutorial functions ... the county prosecutor in effect acts on behalf of the county that is the situs of his or her office.'" *Id.* at 352-353 (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996)). In *Carter*, the court held that individual policymakers in the District Attorney's office acted in their administrative role when they failed "to establish training, supervision and discipline policies" that would have prevented long-standing police corruption.[2] *Id.* at 353. This failure to train was held to be an administrative, local policy in which the District Attorney was "a local policymaker." *Id.*

In this case, the Plaintiff has successfully met her burden of pleading a § 1983 claim against the County. Essentially, she alleges that the District Attorney and the District Attorney's office had final policy-making authority for York County over the police force, as the chief law enforcement officer for the County. She further alleges that the District Attorney's office actively advised the City of York's Police Department not to respond to complaints of police misconduct, including Plaintiff's police complaint, ignored a string of

---

[2] The court in *Carter* based its holding on *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992), which held that a proper claim could be made out under §1983 against a district attorney's office for its failure to train police officers, which "constituted policymaking for the county." *See Carter*, 181 F.3d at 351-352.

complaints against the Police Department that should have alerted the District Attorney's office to an ongoing problem, failed to advise Police Departments regarding proper in-service training, developed policies exhibiting deliberate indifference to constitutional rights, and these actions were the direct and proximate cause of Plaintiff's injuries. Thus, municipal liability may be imposed because a final policymaker for the County, namely the District Attorney and the District Attorney's office, undertook actions that are properly alleged to have been a policy or custom, thereby imputing liability to the County itself. Therefore, Defendant's Motion to Dismiss Count IV of the Amended Complaint will be denied.

## II.  COUNT VIII OF PLAINTIFF'S AMENDED COMPLAINT

Count VIII is a claim for malicious prosecution against all defendants. The Pennsylvania Political Subdivision Tort Claims Act (hereinafter Tort Claims Act) grants municipalities, municipal agencies, and municipal officers acting in their official capacity immunity from liability for all state law tort claims. *See* 42 PA. CONS. STAT. § 8541, et seq. The state Tort Claims Act has no force when applied to federal claims. *See Wade v. City of Pittsburgh,* 765 F.2d 405, 407 (3d Cir.1985).

There are some exceptions to the grant of governmental immunity under the Tort Claims Act; however, the exceptions listed in 42 PA. CONS. STAT. ANN. § 8542 are inapplicable to the present action.[3] The statute has one more exception, found in 42 PA. CONS. STAT. ANN.

---

[3] The eight exceptions to governmental immunity are:
1. Vehicle liability
2. Care, custody or control of personal property
3. Real property
4. Trees, traffic controls and street lighting
5. Utility service facilities
6. Streets
7. Sidewalks
8. Care, custody or control of animals.

§ 8550, which says that "where a municipal employee's actions amount to actual malice or willful misconduct, the immunity provisions of the Pennsylvania Political Subdivisions Tort Claims Act shall not apply." *Gonzalez v. City of Bethlehem,* No. 93-1445, 1993 WL 276977, at *4 (E.D. Pa. July 13, 1993). However, Section 8550, applies only to remove the immunity of *individuals*. *See* 42 PA. CONS. STAT. ANN. § 8550 ("willful misconduct" eliminates individual immunity at §§ 8545, 8546, 8548, and 8549, but *not* agency immunity at § 8541). Malicious prosecution is a common-law tort. *See*, *.e.g.*, *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (discussing requirements for the "tort of malicious prosecution").

Applying the above principles, the malicious prosecution claim against York County is barred by the Tort Claims Act. Therefore, Count VIII against the County will be dismissed.

## III. COUNT IX OF PLAINTIFF'S AMENDED COMPLAINT

All of Plaintiff's claims in Count IX sound in tort.[4] As discussed above, municipalities are immune from all tort actions, including intentional torts, unless the claim falls into the narrow category of exceptions, none of which is remotely pertinent here. Therefore, the County is barred from being sued under any of the claims listed in Count IX of Plaintiff's Amended Complaint. Therefore, Count IX will be dismissed as to Defendant York County.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant York County's Motion to Dismiss will be denied for Count IV, and granted for Counts VIII and IX. An appropriate order follows.


 November 3, 2009                                    /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                     United States District Judge

---

[4] Count IX lists the following claims against all defendants: "willful misconduct, negligence, gross negligence, negligent hiring, retention, training and supervision, assault, battery, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, [and] negligent infliction of emotional distress." (Doc. 35, ¶ 105.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHARLOTTE BERGDOLL,

     Plaintiff,

       v.

THE CITY OF YORK, MARK L.
WHITMAN, Individually, WESLEY
KAHLEY, Individually, POLICE OFFICER
A. BAEZ, Individually and as a Police
Officer for the City of York, THE COUNTY
OF YORK,

     Defendants.

CIVIL ACTION NO. 1:08-CV-01879

(JUDGE CAPUTO)

## ORDER

    **NOW**, this _3rd__ day of November, 2009, **IT IS HEREBY ORDERED** that

Defendant County of York's Motion to Dismiss (Doc. 38) is **DENIED in part and**

**GRANTED in part** as follows:

         (1)    Defendant Count of York's Motion to Dismiss Count IV of the Amended

              Complaint is **DENIED.**

         (2)    Defendant County of York's Motion to Dismiss Counts VIII and IX of the

              Amended Complaint is **GRANTED**.

                      /s/ A. Richard Caputo
                     A. Richard Caputo
                     United States District Judge