# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLOTTE BERGDOLL,

   Plaintiff,

v.

CITY OF YORK, THE HONORABLE JOHN S. BRENNER, MAYOR, Individually and as Mayor for the City of York, MARK L. WHITMAN, Individually and as Police Commissioner for the City of York, WESLEY KAHLEY, Individually and as Police Captain of Operations for the City of York, POLICE OFFICER A. BAEZ, Individually and as a Police Officer for the City of York, COUNTY OF YORK, H. STANLEY REBERT, Individually and as District Attorney for the County of York,

   Defendants.

CIVIL ACTION NO. 3:08-CV-1879

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is plaintiff Bergdoll's motion for reconsideration. (Doc. 94.) The Court will deny the motion because Bergdoll simply rehashes the arguments she marshaled in her prior briefs.

A detailed factual and procedural history is unnecessary. On April 27, 2011, the Court granted the motions for summary judgment brought by defendants County of York, City of York, and Messrs. Kahley and Whitman. (Doc. 93.) The Court also granted defendant Baez's summary judgment motion on all claims except the excessive force claim. Bergdoll then filed a motion for reconsideration (Doc. 94) and the Court held oral argument on the motion on July 18. The motion has been fully briefed and is ripe for review.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of

Case 1:08-cv-01879-ARC   Document 103   Filed 08/04/11   Page 2 of 3

entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

Bergdoll's motion will be denied because she has not established new law, new facts, or clear error – the three bases for granting reconsideration. Bergdoll did submit some additional evidence more than two months after filing the motion for reconsideration. This evidence pertains to a gentleman allegedly accosted at a friend's home after police raided it. After the incident, he filed a citizen's complaint, similarly to Bergdoll. While it deals with a different police department, the evidence's significance is apparently to show

2

the district attorney's malfeasance in allowing the police department's internal affairs division to conduct the inquiries into citizen complaints of police misconduct. Putting aside Bergdoll's failure to submit this evidence in conformity with Local Rule 7.10, the Court finds it irrelevant. There is nothing *prima facie* improper about having internal affairs investigate citizen complaint's of police misconduct. As far as the Court understands, that's the brunt of what they do. More specifically, the evidence, mostly email exchanges, is routine and insignificant.

Turning to Bergdoll's motion, it only restates the same arguments deployed in her prior briefs. These briefs rely for the most part, not on facts, but on a web of unsupported speculation. Defeating summary judgment requires evidence, not innuendo. Bergdoll invites the Court to see traces of a vast conspiracy between the parties in innocuous emails and routine events. But this is not evidence which raises a genuine issue of material fact.

**NOW**, this   4th   day of August, 2011, **IT IS HEREBY ORDERED THAT** plaintiff Bergdoll's motion for reconsideration is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge