**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLOTTE BERGDOLL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF YORK, THE HONORABLE JOHN S. BRENNER, MAYOR, Individually and as Mayor for the City of York, MARK L. WHITMAN, Individually and as Police Commissioner for the City of York, WESLEY KAHLEY, Individually and as Police Captain of Operations for the City of York, POLICE OFFICER A. BAEZ, Individually and as a Police Officer for the City of York, COUNTY OF YORK, H. STANLEY REBERT, Individually and as District Attorney for the County of York, <br><br> Defendants. | CIVIL ACTION NO. 3:CV-08-1879 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court are City Defendants' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988 (Doc. 126) and County Defendants' Motion for Attorney's Fees Pursuant to § 1988. (Doc. 144.) Because the standard for awarding attorney's fees under § 1988 has not been satisfied, both motions will be denied.

### **I. Background**

The events giving rise to this action began on October 12, 2006. That day, York City Police Officer Andrew Baez responded to a call to check on the welfare of children living at 745 West Poplar Street. When he arrived at the residence, a woman named Cassandra Whitted identified herself. Plaintiff Charlotte Bergdoll, who worked for Cherry Lane Realty, the manager of the property, arrived at the residence a short time later.

According to Officer Baez, Ms. Bergdoll immediately started yelling and cursing and became verbally abusive to him and to Ms. Whitted. Officer Baez told Ms. Bergdoll to leave the residence. Ms. Bergdoll denied using profanity but did state that she asked Officer

Baez who he was "screwing" that he had to respond to code violations. Officer Baez then told Ms. Bergdoll she was under arrest.

As stated by Ms. Bergdoll, even though she immediately stopped and put her hands behind her back in order to be handcuffed, Officer Baez forcefully pushed her to the ground and put his knee into her back, kneeling on top of her and putting her in handcuffs while she screamed for help. In contrast, Officer Baez testified that Ms. Bergdoll pulled away from him when he was leading her onto the porch and resisted arrest while the two struggled on the porch. Officer Baez further testified that he finally had to put Ms. Bergdoll to the ground and that she continued to scream and resist while Officer Bergdoll kneeled on her and called for back-up. After another officer arrived at the scene, Ms. Bergdoll was arrested and charged with disorderly conduct.

At the police station, Ms. Bergdoll filed a private citizen complaint against Officer Baez, which was investigated by William Follmer of the York City Police Department Internal Affairs Department. After Mr. Follmer left Internal Affairs, the file was reviewed by Philip Roberts, who testified that there was nothing in Officer Baez's history that would have alerted anyone to his being prone to the use of excessive force or violating citizens' rights.

Assistant District Attorney Laurence Stone was assigned by District Attorney H. Stanley Rebert to handle Ms. Bergdoll's trial for disorderly conduct. Mr. Stone testified that he was not specifically instructed by the District Attorney's office as to how to handle the case. In his own discretion, Mr. Stone elected not to drop the charges against Ms. Bergdoll. She was ultimately acquitted of the disorderly conduct charge.

Based on the foregoing events, on October 10, 2008, Ms. Bergdoll initiated the instant suit. The County of York and District Attorney Rebert (collectively, "County Defendants") filed a motion to dismiss the Complaint, as did Defendants City of York, Mark L. Whitman, and Wesley Kahley (collectively, "City Defendants"). The motions were

granted on January 5, 2009. *See Bergdoll v. City of York*, No. 08-CV-1879, 2009 WL 25093 (M.D. Pa. Jan. 5, 2009). Ms. Bergdoll eventually filed an Amended Complaint on May 19, 2009 in which District Attorney Rebert was not named. In the Amended Complaint, Ms. Bergdoll brought claims against the Defendants for deprivations of her constitutional rights under § 1983, malicious prosecution, and state law violations. Defendant County of York moved to dismiss the Amended Complaint, while City Defendants filed an Answer with affirmative defenses. On November 3, 2009, the Court granted County of York's Motion to Dismiss the malicious prosecution and state law claims against it, but denied the Motion as to the § 1983 claims. *See Bergdoll v. City of York*, No. 08-CV-1879, 2009 WL 3698023 (M.D. Pa. Nov. 3, 2009).

After discovery was completed, County of York and City Defendants filed motions for summary judgment. On April 27, 2011, summary judgment was granted to all Defendants except Officer Baez on all of Bergdoll's claims, and summary judgment was granted to Officer Baez on all claims except the excessive force claim. *See Bergdoll v. City of York*, No. 08–CV–1879, 2011 WL 1601605, at *10 (M.D. Pa. Apr. 27, 2011).[1]

Ms. Bergdoll appealed the grant of summary judgment to Officer Baez, City Defendants, and County of York to the United States Court of Appeals for the Third Circuit. The Third Circuit affirmed. *See Bergdoll v. City of York*, No. 11-4353, 2013 WL 1010593, at *1 (3d Cir. Mar. 15, 2013). As to the claims against the County, the Third Circuit concluded that it was not responsible for the actions of Officer Baez because Ms. Bergdoll failed to offer evidence of any policy or custom on the part of the County that led to her injury. *See id*. at *4. Moreover, even if Ms. Bergdoll had made such a showing, her claim would have failed since Officer Baez's actions did not violate any of her constitutional rights.

---

[1] The remaining claim proceeded to a jury trial, and on November 3, 2011, the jury returned a verdict in favor of Officer Baez. (Doc. 141.)

*See id*. The Third Circuit also found Ms. Bergdoll's claim that the County established a policy of disregarding citizen complaints against the police department unavailing because she offered no evidence that the District Attorney's office had a policy of ignoring such complaints. *See id*.

The Third Circuit also affirmed the grant of summary judgment to City Defendants. The claims against the City failed because Officer Baez did not violate Ms. Bergdoll's constitutional rights, and because Ms. Bergdoll failed to present any evidence that the City was deliberately indifferent in its training of Officer Baez in proper police procedure. *See id*. Lastly, the claims against Mr. Whitman and Mr. Kahley failed since Ms. Bergdoll "failed to present evidence that the men were policymakers under *Pembaur* or, in any event, that any of [her] constitutional rights were violated." *Id*.

Now, City Defendants seek recovery of their attorney's fees pursuant to 42 U.S.C. § 1988. (Doc. 126.) City Defendants maintain that they are entitled to an award of attorney's fees as the "prevailing party" because Ms. Bergdoll's claims were frivolous, unreasonable, and without foundation. Moreover, City Defendants assert that the fees would not have been incurred in the absence of the frivolous claims. Thus, they request an award of attorney's fees in the amount of $21,065.00 under § 1988.

County Defendants have also filed a motion for attorney's fees. (Doc. 144.) County Defendants claim that Ms. Bergdoll failed to come forward with any facts remotely supporting the allegations in the Amended Complaint, and, as a result, they are entitled to attorney's fees under § 1988.

The motions for attorney's fees are now fully briefed. As such, they are ripe for disposition.

## II. Discussion

City and County Defendants seek recovery of attorney's fees pursuant to 42 U.S.C.

4

§ 1988. Section 1988 provides: "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . ." 42 U.S.C. § 1988(b). The "prevailing party" can be either the plaintiff or the defendant, "but a prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation . . . .'" *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157-58 (3d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-17, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978)). A court need not find the plaintiff brought the action in subjective bad faith to award attorney's fees to the prevailing defendant. *See id*. at 158. Rather, the relevant standard is objective. *See id*. (citing *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 178, 66 L. Ed. 2d 163 (1980)). But given the purpose of the award of attorney's fees to the prevailing defendant is to deter frivolous litigation, "[t]he fact that a plaintiff may ultimately lose his case is not in itself sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14, 101 S. Ct. 173. Thus:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the acts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-22, 98 S. Ct. 694.

The Third Circuit has identified a number of factors relevant to a determination of whether an award of attorney's fees to a prevailing defendant is appropriate, including: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to

5

settle; (3) whether the case was dismissed prior to trial; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial court found the suit frivolous. *Barnes Found.*, 242 F.3d at 158. "These considerations, however, are merely guidelines, not strict rules; thus 'determinations regarding frivolity are to be made on a case-by-case basis.'" *Id*. (quoting *Sullivan v. School Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1983)).

Additionally, a prevailing defendant may recover fees even if not all of the plaintiff's claims were frivolous. *See Fox v. Vice*, - - - U.S. - - - , 131 S. Ct. 2205, 2214, 180 L. Ed. 2d 45 (2011). Because fee-shifting is not all-or-nothing, "a defendant need not show that every claim in a complaint is frivolous to qualify for fees." *Id*. "Section 1988 allows a defendant to recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim. Or what is the same thing stated as a but-for test: Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." *Id*.

City and County Defendants argue that they are entitled to fees in this case because Ms. Bergdoll brought this action without any evidence or foundation to substantiate her claims and that she failed to produce any evidence during the course of discovery to support her claims. And, as all claims were disposed of as against these Defendants prior to trial, this, they contend, further supports their entitlement to attorney's fees.

The motions for attorney's fees will be denied because the Court, being intimately familiar with the facts of this case, cannot find the claims frivolous, unreasonable, or without foundation. Although the claims were all resolved against these Defendants prior to trial, that alone does not make the claims in this case frivolous. Indeed, the Third Circuit has held that "implicit" in the *Christiansburg* standard of frivolity "is the premise that Plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Brown v.*

*Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990).

In the case at bar, City and County Defendants were granted summary judgment because Ms. Bergdoll failed to produce sufficient evidence to meet the essential elements of her claims. While the evidence Ms. Bergdoll presented was ultimately unpersuasive and insufficient to avoid summary disposition, the Court was required to consider an extensive factual record before disposing of her claims, and it was not unreasonable for her to believe that she could have survived summary judgment. Essentially, this case, like many others, hinged on whether the plaintiff made a sufficient showing of an element essential to his or her case in order to withstand summary judgment. Although Ms. Bergdoll was unable to do so, this does not render the claims advanced in this litigation "frivolous, unreasonable, or without foundation." City and County Defendants have therefore failed to make the necessary showing to justify an award of attorney's fees under § 1988.

### III. Conclusion

For the above stated reasons, the motions for attorney's fees will be denied.

An appropriate order follows.

 May 24, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge